IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN M. PARKS,<br><br>            *Plaintiff*,<br><br>    v.<br><br>SCI-CAMP HILL (PRISON),<br><br>            *Defendant*. | Civil Action No. 2:18-cv-1205<br><br>Hon. Peter J. Phipps<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jordan M. Parks filed the above-captioned civil rights action against State Correctional Institution Camp Hill ("SCI-Camp Hill"), alleging violations of his constitutional rights while he was incarcerated. This case was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On November 23, 2018, Magistrate Judge Kelly *sua sponte* issued a Report and Recommendation (the "Recommendation"), ECF No. 7, recommending transfer of this action to the United States District Court for the Middle District of Pennsylvania, which is the judicial district in which SCI-Camp Hill is located. Plaintiff was served with the Recommendation at his address of record, and he had until December 10, 2018, to file any objections. The time for those objections expired without plaintiff filing any objections. For the reasons set forth below, the Court accepts the Recommendation and orders the transfer of this action to the United States District Court for the Middle District of Pennsylvania.

The reasoned consideration standard governs review of the Magistrate Judge's Recommendation in this case. When a report and recommendation from a magistrate judge addresses a dispositive motion or a prisoner petition, the parties have 14 days to object. *See* Fed. R. Civ. P. 72(b)(2). The standard for reviewing those objections is *de novo*: "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.* Although Rule 72 makes clear that the *de novo* standard governs when there are objections, it does not specify a standard in the absence of objections, as in this situation. In such an instance, the Third Circuit has explained that a district court should still "afford some level of review to dispositive legal issues raised by the report." *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). And in light of a district court's duty "to make an informed, final determination," *Henderson*, 812 F.2d at 878, the Third Circuit has observed that "the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.*; *see also City of Long Branch*, 866 F.3d at 100. Accordingly, in the absence of objections, review of a magistrate judge's report and recommendation proceeds under the reasoned consideration standard, which will be applied here.

The legal basis for the recommended transfer is 28 U.S.C. § 1404(a), which permits a case to be transferred from a district in which venue is proper to another district where venue would also be proper. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W.D. of Tex.*, 571 U.S. 49, 59 (2013) (explaining that "[§ 1404(a)] permits transfer to any district where venue is also proper"); *cf.* 28 U.S.C. § 1406(a) (permitting transfer where venue is improper). Under § 1404(a), a transfer may occur "[f]or the convenience of the parties and witnesses, in the interest

of justice." 28 U.S.C. § 1404(a). Evaluating those factors involves an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Third Circuit has summarized a dozen factors that may bear on transfer determinations. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (describing six private interests and six public interests). One of the central considerations in determining whether to transfer a case from one district to another under § 1404 is the plaintiff's original choice of venue, which "should not be lightly disturbed." *Id.* at 879 (quoting 1A Pt. 2 James W. Moore & Brett A. Ringle, Federal Practice ¶ 0.345[5], at 4360 (2d ed. 1995)). Having evaluated the relevant considerations, the Court accepts the Recommendation and analyzes the most relevant factors below.

The core reasons for accepting the Recommendation are precisely those articulated by Magistrate Judge Kelly: plaintiff filed the action while incarcerated at SCI-Camp Hill, and the operative events took place at SCI-Camp Hill. Plaintiff's filings make allegations involving SCI-Camp Hill, SCI-Camp Hill employees, SCI-Camp Hill's property, and other prisoners. *See* Compl., ECF No. 1-1. Thus, the defendant, the potential witnesses, and the property at-issue are in the Middle District. As far as additional convenience, SCI-Camp Hill is within five miles of the Ronald Reagan Federal Building and U.S. Courthouse for the Middle District of Pennsylvania. Because venue in the Middle District is proper for this type of challenge, *see* 28 U.S.C. § 1391(b), courts commonly transfer actions against SCI-Camp Hill to the Middle District.[1] Magistrate Judge Kelly's Recommendation is entirely consistent with those cases.

---

[1] *See, e.g., Rosado v. Doe*, 2018 WL 1305200, at *1 (W.D. Pa. Feb. 22, 2018) (recommending an action, which was filed by a former prisoner against employees of SCI-Camp Hill, in the United States District Court for the Western District of Pennsylvania be transferred to the Middle District of Pennsylvania), *report and recommendation adopted*, 2018 WL 1305064 (W.D. Pa. Mar. 12, 2018); *Hoye v. SCI Camp Hill Prison*, 2017 U.S. Dist. LEXIS 40845, at *1, *3-4

3

There are two countervailing considerations: plaintiff currently resides (through incarceration) in the Western District of Pennsylvania, and plaintiff chose to file suit in the Western District of Pennsylvania. Neither carries much weight here. At the time he initiated this action, plaintiff did not reside within the territorial limits of the Western District of Pennsylvania.[2] Nor did any of the events alleged in the Complaint occur within the Western District of Pennsylvania's territorial limits. As other courts have concluded, a plaintiff's choice of forum is afforded minimal deference when the plaintiff chooses a venue outside of his home forum or when the complained-of events occurred outside the plaintiff's choice of forum. *See Bowen v. Elanes N.H. Holdings, LLC*, 166 F. Supp. 3d 104, 108 (D. Mass. 2015) ("A 'strong presumption' exists in favor of a plaintiff's choice of forum. . . . [Yet w]here the forum has no obvious connection to the case or where the plaintiff is not a forum resident, the plaintiff's presumption carries less weight." (quoting *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000))); *Caldera Pharms., Inc. v. Los Alamos Nat'l Sec., LLC*, 844 F. Supp. 2d 926, 931 (N.D. Ill. 2012) ("[A] plaintiff's choice of forum deserves some deference, although it is afforded less weight when it is not the plaintiff's home forum."); *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008) ("Although a plaintiff's choice of forum is generally

---

(W.D. Pa. Mar. 22, 2017) (transferring an action, which was filed by a prisoner against SCI Camp Hill, from the United States District Court for the Western District of Pennsylvania to the Middle District of Pennsylvania); *Scheuring v. Dep't of Corr.*, 1990 WL 107338, at *1 (E.D. Pa. July 23, 1990) (transferring a case brought by a prisoner against the Department of Corrections in the United States District Court for the Eastern District of Pennsylvania to the Middle District of Pennsylvania).

[2] Plaintiff has filed three Motions for Leave to Proceed *in forma pauperis*. See ECF No. 1, 4, 6. The first two motions were filed while plaintiff was incarcerated at SCI-Camp Hill. *See* ECF No. 1, 4. The pending motion was filed while plaintiff was apparently incarcerated at SCI-Forest, *see* ECF No. 6, which is located in Forest County, Pennsylvania, and within the territorial limits of the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 118(b); Pa. Dep't of Corr., https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Forest.aspx (last visited Jan. 11, 2019).

4

entitled to substantial weight, a court need not accord the choice as much weight when the forum has no connection with the matter in controversy." (internal quotations and citations omitted)); *see also Kinney v. Clark*, 2016 WL 2739454, at *2 (N.D. Ca. May 11, 2016) ("'If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,' the plaintiff's choice 'is entitled only minimal consideration.'" (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987))); *Snyder v. Bertucci's Rest. Corp.*, 2012 WL 6601384, at *2 (E.D. Pa. Dec. 18, 2012) ("[A] plaintiff's choice [of forum] receives less weight where none of the operative facts occurred in the selected forum." (quoting *In re Amkor Tech., Inc. Sec. Litig.*, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006))); *see generally* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3848 (4th ed. October 2018 Update).

In sum, although a plaintiff's choice of forum "should not be lightly disturbed," *Jumara*, 55 F.3d at 879, after reasoned consideration of the Magistrate Judge's Recommendation, it is fair, equitable, and convenient for the parties and witnesses to transfer this action to the Middle District of Pennsylvania.

THEREFORE, this 16th day of January 2019, upon consideration of the relevant factors and the specific analysis provided above, Magistrate Judge Kelly's Report and Recommendation, ECF No. 7 (Nov. 23, 2018), is accepted by this Court.

IT IS HEREBY ORDERED that this civil action be transferred to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

    BY THE COURT:

    /s/ *Peter J. Phipps*
    PETER J. PHIPPS
    UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

JORDAN M. PARKS
NH5979
PO Box 200
Camp Hill, PA 17001

JORDAN M. PARKS
NH5979
SCI-Forest
286 Woodland Drive
Marienville, PA 16239